IN THE MATTER OF JOSEPH HUSSON AN ATTORNEY.

*Attorney — only compelled to pay over, summarily, money due to a client, when it was received in his professional character.*

One Husson, an attorney, having borrowed money from one of his clients who had applied to him for advice as to investing it, and delivered mortgages to her to secure the repayment thereof, subsequently induced her to surrender and satisfy one of the mortgages to enable him to sell the property covered by it, he stating that he had plenty of other property and could and would replace the mortgage by another just as good. He having failed to deliver other security as agreed, the client applied for and procured an order requiring him to pay over the amount of the mortgage and the costs and expenses of the application, and providing that in case he failed so to do a warrant to arrest him as for a contempt should issue.

*Held*, that Husson did not receive the property in his professional character and that the court erred in making the order.

APPEAL by Joseph Husson from an order requiring him to pay to Catharine M. Raymond, or her attorney, the sum of $3,280, together with $102, referee's fees, and a counsel fee of $250 for her expenses in the proceeding, and in case of default that a warrant of attachment as for contempt should issue for the arrest of Husson, upon

which he should be brought before the court to answer for his neglect or refusal to obey the direction given for the payments of these sums of money.

*Abram Kling* for the appellant Husson.

*Theron G. Strong* for the respondent.

DANIELS, J.:

The appellant was engaged in the practice of his profession as an attorney, and was employed by the petitioner to perform services for her in that capacity. She had in her possession the sum of $9,000, which she desired to have invested, and under her authority Husson was consulted by her husband upon the subject of finding an opportunity for such investment. About a week after the consultation took place, Husson suggested to Mr. Raymond that he would like to borrow some money himself, for which he would give bonds and mortgages. This suggestion resulted in an arrangement with Mrs. Raymond, by which Husson was to have the $9,000, and it was delivered to him upon the understanding that proper securities should be executed and delivered for the repayment of the amount. After that time such securities were executed and delivered by him. While they were held for or on behalf of the petitioner, they were at the request of Husson surrendered to him for the purpose of being replaced by other securities of a similar nature. Such securities were also afterwards made and delivered, but by their terms an unathorized extension of time for the payment of the debt was made for the period of about eighteen months. After these securities had been delivered, and while they were held by Mrs. Raymond, the petitioner, Husson applied to her for one of the mortgages, together with a satisfaction of it. This application was made upon the representation that he desired to sell one of the houses and lots, and could not otherwise make a clear title to it, that he had plenty of other property and would replace this mortgage by another just as good. She delivered the mortgage to him with the satisfaction of the same, which was afterwards entered of record. No other security was at any time substituted in place of the surrendered mortgage, and it was because of the

neglect or refusal of the attorney to deliver such a security in fulfillment of the terms of his obligation that the fine in question was imposed upon him by the court.

In support of the appeal taken it has been urged that the attorney was not subjected to a summary application of this nature for the redress of the wrong perpetrated by him. Under the evidence which was given his conduct seemed to have been fraudulent in its character, and by means of it he succeeded in depriving the petitioner of a mortgage held by her for the security of the sum of $3,000 besides interest. But the practice of the courts has not extended so far as to justify a proceeding of this nature against an attorney, simply because he has been guilty of fraudulent misconduct in his dealings with other persons. It extends, on the contrary, no further than to restrain and punish the attorney for misconduct in exercising the functions of his office, or when it is connected with some professional employment. Whenever he may be employed professionally, or moneys, in that capacity, may pass into his possession, and he conducts himself dishonestly or unprofessionally, he may be punished by means of this summary proceeding. And it would very properly be denominated a special proceeding, as that phrase has been made use of in section 14 of the Code of Civil Procedure. But where he may have engaged in transactions having no relation to the practice of his profession or the exercise of his official functions as an attorney, there his misconduct cannot be redressed by a proceeding of this nature. In instances of that character he acts simply as an individual and without reference to the fact that he may be a member of the legal profession. Confidence may, it is true, be reposed in him by reason of professional relations existing between himself and the person dealing with him, and in that manner the transactions themselves, forming the subject of complaint, may be induced. But because that may be the case, it does not follow that jurisdiction of this nature can be exercised over the defaulting party. The rule, on the contrary, is that for wrongs arising out of such transactions, the means of redress are the same as those ordinarily applied in the course of legal proceedings, and they are by actions as distinguished from proceedings of the nature of those taken against the appellant.

The transaction between the parties, as it has been presented, con-

sisted simply of a loan of the sum of $9,000 by the applicant to Husson, the repayment of which he secured by bonds and mortgages. After that, the applicant was fraudulently induced by him to surrender and satisfy one of the mortgages, upon his promise to replace it by another equivalent security. That he failed to do, and by that failure became liable to her for the loss or injury which she has sustained. It is clear that in all that was done he was acting solely for himself and not as an attorney. It was a transaction throughout with him as an individual having no relation whatever to his professional character, and for that reason his misconduct in it could not be punished by means of a proceeding adapted and maintained solely for the purpose of controlling the conduct of attorneys in their relations with their clients. The rule upon this subject is, that where an attorney is employed in a matter wholly unconnected with his professional character, the court will not interfere in a summary way to compel him to execute the trust reposed in him, but when the employment is so connected with his professional character as to afford a presumption that it formed the ground of his employment there the court will exercise this jurisdiction over him. Accordingly where he is employed to prepare deeds or conveyances, or to perform any other act belonging or appertaining to the profession of the law, and his obligation to perform it faithfully arises out of the duty imposed upon him in that character, and he receives money or property in that capacity, he may be summarily compelled to observe all the obligations of good faith and fidelity in such dealings, and that practically is the extent of the control which the court can exercise over the conduct of an attorney upon such an application. (*Cocks* v. *Harman*, 6 East, 404; *Matter of Lowe*, 8 id., 237; *Matter of Lord*, 2 Scott, 131; *Anonymous*, 19 L. J. [Exch.], 219; *Matter of Cutts*, 16 Law Times [N. S.], 715; *Goring* v. *Bishop*, 1 Salk., 87; *Matter of Aitkin*, 4 Barn. & Ald., 47; *Matter of Cardross*, 5 Mess. & W., 545; *Matter of Haskin*, 18 Hun, 42; *Matter of Chittey*, 4 Hill, 46, note; *Matter of Dakin*, Id., 42.) The case of *Grant* v. *Chester* (17 How., 260) is not in conflict with the rule which has been stated, for it there appeared that the attorney received the money which he failed to invest, in his professional capacity as such.

While it is true that Husson did act in other matters as the attor-

ney of the petitioner, it is equally so that this transaction was not of that character. The remedy of the applicant for the wrong to which she has been subjected was that of an ordinary action and not of a proceeding of this nature. The order consequently must be reversed and the application denied, but without costs to the appellant.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed and application denied, without costs.